**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CURTIS GAUSE,
                        Appellant,

                v.

DEPARTMENT OF THE AIR FORCE,
                        Agency.

DOCKET NUMBER
AT-315H-16-0603-I-1

DATE: December 28, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

<u>Curtis Gause</u>, Panama City, Florida, pro se.

<u>James R. Haslup</u> and <u>Daniel J. Watson</u>, Eglin Air Force Base, Florida, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant filed the instant appeal of his May 23, 2016 termination, which the agency effected during the mandated 1 year probationary period following his December 14, 2015 appointment to the Maintenance Worker position, WG-01, in the competitive service. Initial Appeal File (IAF), Tab 1, Tab 7 at 14-15, 19, 29. He did not request a hearing. *Id.* at 2. The administrative judge gave the appellant ample notice of the burdens and elements he must prove to establish jurisdiction over his appeal, IAF, Tabs 2‑3, but the appellant did not respond to either of the administrative judge's orders. Consequently, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 8, Initial Decision (ID). We agree with the administrative judge that the appellant failed to raise nonfrivolous allegations which, if proven, would establish Board jurisdiction over his appeal. ID at 5; IAF, Tab 1. The appellant did not allege that the agency terminated him based on marital status or for partisan political reasons, he failed to present any facts in support of his assertion that he had previously completed his probationary period, and the record reflects that the agency afforded him the procedures required by 5 C.F.R. § 315.805. ID at 2-3.

¶3      On review, the appellant filed a motion for leave to file an additional pleading. Petition for Review (PFR) File, Tab 6. He claims that he has evidence

of his prior Government service and includes with his motion a certificate dated December 5, 2013, in recognition of 10 years of service in the U.S. Government. *Id.* at 4. He included the same certificate with his petition for review. PFR File, Tab 1 at 6. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed below despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The certificate is dated before the appellant filed his appeal, he did not submit it below, and he offers no support for his assertion that he did not have access to it in order to have submitted it in his appeal below. PFR File, Tab 1 at 4, 6. Moreover, the appellant's certificate does not reflect his position nor does it show that he served without a break in service between his current position and any prior civilian position, if any. PFR File, Tab 1 at 6, Tab 6 at 4. Accordingly, we deny the appellant's motion for leave to file his additional pleading.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:           _____
                                                 Jennifer Everling
                                                 Acting Clerk of the Board

Washington, D.C.